UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN SUNNY,<br><br>              Petitioner,<br><br>    v.<br><br>MATTHEW MCVAY, WARDEN,<br><br>              Respondent. | Case No. 1:23-cv-00247-ADA-HBK (HC)<br><br>ORDER GRANTING MOTION TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. No. 14) |

       Petitioner is proceeding on his first amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 27, 2023. (Doc. No. 10). Petitioner challenges his conviction and sentence presumably entered by the Superior Court of Madera County, which is under the jurisdiction of this Court. (*Id*. at 4). On April 17, the Court directed Respondent to respond to the amended petition. (Doc. No. 11). In response, Respondent filed a Motion to Transfer the Petition on June 16, 2023.[1] (Doc. No. 14).[2] In support, Respondent submits

---

[1] Respondent cites Petitioner's initial petition for writ of habeas corpus when outlining the misidentification of his county of conviction. (Doc. 14 at 1 (citing Doc. No. 1)). The Court notes that Petitioner filed a first amended petition at Doc. No. 10, however, the references to Madera County are identical in the first amended petition.

[2] The Court finds it need to await a response by Petitioner since this Court has the authority to sua sponte transfer this case in the interests of justice.

1

documentation that the conviction Petitioner is challenging was entered by San Bernardino County Superior Court, and therefore contends that the case should be transferred to the Central District of California. (Doc. No. 14 at 1; Doc. No. 15).

Under 28 U.S.C. § 2241(d), jurisdiction is proper in the judicial district where the petitioner was convicted or where the petitioner is incarcerated. *See* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Federal courts in California generally hear petitions for writ of habeas corpus in the district of conviction. *Favor v. California*, No. 116-CV-01912-DAD-EPG-HC, 2017 WL 2671006, at *1 (E.D. Cal. June 21, 2017) (*citing Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968)).

Thus, the Court finds in its discretion "and in furtherance of justice" the petition should be transferred to the Central District of California. 28 U.S.C. §§ 1404(a), 2241(d).

Accordingly, it is **ORDERED**:

1. Respondent's Motion to Transfer the Petition (Doc. No. 14) is GRANTED.
2. The Clerk shall transfer this action to the United States District Court for the Central District of California, Eastern Division and close this action in this Court upon transfer; and
3. All future filings shall reference the new case number assigned and shall be filed at:

> United States District Court
> Central District of California
> Eastern Division
> 3470 Twelfth Street
> Riverside, CA 92501-3801

Dated: June 29, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE